UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 6:15-cr-0045-GFVT-HAI |
| | ) | |
| V. | ) | |
| | ) | |
| GREGORY JOSEPH WILCHECK, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram. [R. 63.] Defendant Gregory Wilcheck has been charged with two violations for a committing a state crime and failing to make restitution payments. *Id*. at 2.

On August 15, 2016, this Court sentenced Mr. Wilcheck to thirty-six months imprisonment for two counts of bank fraud. [R. 43; R. 44.] He began his five-year term of supervised release on June 6, 2018. [R. 63 at 1.] Shortly thereafter, the Court ordered he begin making restitution payments of $350 per month. [R. 48.]

According to the Supervised Release Violation Report (the Report) issued by the United States Probation Office (USPO) on January 9, 2019, Mr. Wilcheck was arrested and charged in Fayette District Court on December 13, 2018, for driving under the influence of alcohol and leaving the scene of an accident. [R. 63 at 1.] This was his third DUI within ten years. *Id*. at 2. Based on this arrest, the Report charges Mr. Wilcheck with Violation #1 for violating the condition of release requiring him to not commit another federal, state, or local crime, a Grade C violation. *Id*. Additionally, the Government charged him with Violation #2, as Mr. Wilcheck

had not made restitution payments since October 22, 2018. *Id*.

Upon his initial appearance before Magistrate Judge Hanly A. Ingram on January 14, 2019, the United States moved for interim detention. *Id*. at 3. Mr. Wilcheck asked to continue the issue generally, but based on the heavy defense burden imposed by § 3143, he was remanded to custody. *Id*. He additionally made a knowing, voluntary, and intelligent waiver of the right to a preliminary hearing. [R. 53.] At his final hearing on April 22, 2019, Mr. Wilcheck entered a knowing, voluntary, and intelligent stipulation to Violation #1 and the Government moved to dismiss Violation #2. [R. 63 at 3.] Evidence was presented that medical issues had resulting in Mr. Wilcheck's failure to make restitution payments. *Id*. at 4. The Government stressed the importance of restitution as part of his sentence, but the Government also explained the USPO would not have included this violation had they been aware of his extenuating circumstances. *Id*.

With Mr. Wilcheck's criminal history category of III and a Grade C violation, Judge Ingram calculated his Guidelines Range to be five to eleven months. *Id*. A Court may also re-impose supervised release after such release is revoked for a maximum period that usually subtracts any term of incarceration imposed due to the violation. *See* 18 U.S.C. §§ 3583(b) and 3583(h). This depends on the "term of supervised release authorized by statute for the offense that resulted in the original term of supervised release." *See* 18 U.S.C. § 3583(h). Here, Mr. Wilcheck's maximum supervised release term is five years, less any term of imposed imprisonment. *Id*.

At the final hearing, the Government argued for a term of imprisonment of eight months followed by fifty-two months of supervised release, the maximum available term. [R. 63 at 4.] Mr. Wilcheck requested a sentence at the bottom of the guidelines (five months) but did not address supervised release. *Id*. The Government acknowledged that this was Mr. Wilcheck's

first actual violation, and his arrest for DUI had little relation to the underlying charges of bank fraud. *Id*. at 5. Nonetheless, driving under the influence presents a danger to the public. *Id*. Additionally, Mr. Wilcheck has long struggled with alcohol abuse, as he was charged with a separate DUI while on pretrial release for this matter and his alcohol abuse led to a gambling addiction, which provided motive for the underlying bank fraud charges. *Id*. In contrast, Mr. Wilcheck stressed that his recent medical issues had caused him to relapse. *Id*. at 5–6. Mr. Wilcheck completed the 500-hour Residential Drug Abuse Program and had been sober for nearly three years, obtaining fulltime employment and several promotions. *Id*. at 5. However, he suffered a heart attack in October, prohibiting him from working, and the medical bills caused him to lose much of his savings. *Id*. at 6. On the night of his arrest, he was having "extreme pain" in his head and chest and was drinking alcohol to self-medicate on his way to the Veterans Health Administration in Lexington. *Id*. Mr. Wilcheck requested halfway house placement. *Id*.

After consideration of the nature and circumstances of Mr. Wilcheck's conviction, as well as history and characteristics, Judge Ingram ultimately recommends the Court revoke Mr. Wilcheck's supervised release and impose a term of five months imprisonment, followed by fifty-five months of supervised release. *Id*. at 6–8. Though Judge Ingram does not recommend commitment to a halfway house, Mr. Wilcheck will have the option of participation in a 90-day treatment program upon release from incarceration. *Id*. at 8.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 16; *see* 28 U.S.C. § 636(b)(1). No objections to Judge Ingram's Report and Recommendation were filed within the appropriate time by either party. Instead, Mr. Wilcheck has filed a waiver of allocution. [R. 64.]

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition. Accordingly, it is hereby **ORDERED** as follows:

1. The Report and Recommendation [**R. 63**] as to Defendant Gregory Joseph Wilcheck is **ADOPTED** as and for the Opinion of the Court;

2. Mr. Wilcheck is found **GUILTY** of Violation #1

3. Upon the Government's motion Violation #2 is **DISMISSED**;

4. Mr. Wilcheck's Supervised Release is **REVOKED;**

5. Mr. Wilcheck is hereby sentenced to a term of incarceration of **five (5) months**;

6. Upon completion of the term of incarceration, an additional term of **fifty-five (55) months** of supervised release shall be imposed under the same conditions previously imposed plus one additional condition: immediately upon release, Mr. Wilcheck must successfully complete a 90-day inpatient alcohol abuse treatment program, as described by the probation officer; and

7. Judgment shall enter promptly.

This the 10th day of May, 2019.

Gregory F. Van Tatenhove
United States District Judge